IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARIA R. BARRERA**, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | **Civil Action No. PJM 08-3347** |
| **PATRICIA GETTY, et al.**, | * | |
| | * | |
| Defendants | * | |
| | * | |

**MEMORANDUM OPINION**

Maria R. Barrera has sued Patricia Getty, Beverlie Fallik, Nancy Kennedy, and the Substance Abuse and Mental Health Services Administration (SAMHSA), a part of the U.S. Department of Health and Human Services, for conspiring to terminate and terminating her employment "in violation of [the] Termination Procedure" pertinent to her position at SAMHSA and for recording "racial slurs [unfounded][1] and accusations causing irreparable damage (reputation), barring [her] from any future government positions."[2]

Defendants have filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Paper No. 31], asserting that the Court lacks subject matter jurisdiction and that Barrera has failed to state a claim.  Also pending are Barrera's Motion for Judgment on the Pleadings [Paper No. 36] and Motion for Permission to file a Surreply [Paper No. 39].

---

[1] This bracketed portion is part of the original text in Barrera's Complaint.
[2] Barrera originally filed suit in the Circuit Court for Montgomery County.  The Government removed the case to this Court, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446.

For the following reasons, Barrera's Motion for Permission to file a Surreply is **GRANTED**, and her Motion for Judgment on the Pleadings is **DENIED**.  Defendants' Motion to Dismiss is **GRANTED**.  Their Motion for Summary Judgment is **MOOT**.

**I.**

Barrera alleges that she was wrongfully terminated from her employment at SAMHSA, a subordinate agency of the U.S. Department of Health and Human Services (DHHS).

On July 8, 2007, she was appointed to a federal career-conditional position with SAMHSA's Division of Systems Development as a Public Health Analyst.  The appointment was subject to the "completion of [a] one year initial probationary period beginning July 9, 2007."  On June 30, 2008, SAMHSA sent Barrera a termination letter, effective July 5, 2008, citing performance and conduct deficiencies.

On August 19, 2008, Barrera filed an appeal concerning the termination with the Merit Systems Protection Board (MSPB), alleging that SAMHSA had failed to reimburse her for travel expenses, had made "inaccurate, distorted and untrue" statements in her termination letter, and had asked "intrusive and very personal questions" about her religious beliefs.  She also claimed that SAMHSA's actions were the result of unspecified prohibited discrimination.

On August 21, 2008, MSPB acknowledged receipt of Barrera's appeal.  By letter dated September 2, 2008, Barrera voluntarily withdrew the appeal to the MSPB.  She alleges that she withdrew her appeal because the Administrative Law Judge, Michelle M. Hudson, told her that the Board did not have jurisdiction to hear the case.  Based on the September 2, 2008 letter, MSPB dismissed Barrera's appeal with prejudice, effective October 10, 2008, and notified her that she could file an appeal of the Board's initial decision with the U.S. Court of Appeals for the Federal Circuit within 60 days.

On September 4, 2008, Barrera filed a formal complaint of discrimination with the DHHS Office of Equal Employment Opportunity, alleging that employees of the agency had discriminated against her on the basis of her disability (dyslexia and spina bifida) and religion. She contended that she made repeated requests for software and equipment, which were necessary for her to perform her duties given her disability, but that her requests were consistently ignored by her supervisors, and that it was her inability to perform as a result of the lack of accommodation that was the reason for her termination.

By letter dated November 12, 2008, the Office of Equal Employment Opportunity advised Barrera that it would investigate her claim of discrimination.  The letter also notified Barrera that she would have a right to file a civil action "180 calendar days from the date on which she filed the original formal complaint if [she had] not amended the complaint, agreed to an extension, or filed an appeal and the Agency has not issued a Final Agency Decision on the complaint."

On November 14, 2008, Barrera filed the instant civil action, in which she appears to allege claims under the Civil Service Reform Act of 1978, Title VII of the Civil Rights Act of 1984, as amended, and the Rehabilitation Act of 1973.  Defendants contend that all her claims should be dismissed.  Barrera, in marked contrast, seeks judgment on the pleadings.

**II.**

Defendants first submit that the Court lacks subject matter jurisdiction in this case.  When the Court's subject matter jurisdiction is challenged, the plaintiff has the burden of establishing that the Court has such jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court "has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: '(1) the complaint alone; (2) the complaint supplemented by

undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"  *See Johnson v. United States*, 534 F.3d 958, 962 (5th Cir. 2008).

A motion for judgment on the pleadings "under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).  For Barrera to succeed on her motion, her pleadings must show that she is entitled to prevail as a matter of law.  *See id.*  The court must accept the allegations of the non-movants, Defendants here, as true and construe them in the light most favorable to them.  *See id*.

### III.

The Court begins with Defendants' Motion to Dismiss.[3]

The Court agrees with Defendants that it lacks jurisdiction over Barrera's claims under the Civil Service Reform Act of 1978, Title VII of the Civil Rights Act of 1984, or the Rehabilitation Act of 1973.

In employment disputes under the Civil Service Reform Act of 1978, the MSPB and, thereafter, the United States Court of Appeals for the Federal Circuit has <u>exclusive</u> jurisdiction.  *Davis v. Thompson*, 367 F. Supp. 2d 792, 800 (D. Md. 2005).  Barrera has no direct right of action to pursue an appeal of the MSPB decision in a federal district court.  *See id.*

With respect to Title VII or Rehabilitation Act claims, a district court only has jurisdiction over "claims for which the plaintiff exhausted administrative remedies."  *Raines v. U.S. Dep't of Justice*, 424 F. Supp. 2d 60, 65 (D.D.C. 2006).[4]  As Barrera concedes, at the time

---

[3] As indicated, the Court has **GRANTED** Barrera's Motion for Permission to File a Surreply.

[4] Apart from the exhaustion of remedies requirement, the individual Defendants must be dismissed with respect to any Title VII claim, and the current Secretary of Health and Human Services, Kathleen Sebelius, must be substituted.  In a Title VII action alleging discrimination,

she filed this civil suit, she was in the midst of pursuing claims of discrimination through the Equal Employment Opportunity Commission.  She filed her EEO complaint on September 4, 2008 and could have filed a separate civil suit if there was no Final Agency Decision within 180 days (March 3, 2009).  But because Barrera filed this suit on November 14, 2008, before 180 days had passed, it is clear that she had not exhausted her administrative remedies as to her Title VII and Rehabilitation Act claims before coming to this Court.  Accordingly, all her claims must be dismissed.  *See id*. (holding that "dismissal results when plaintiff fails to exhaust administrative remedies").

## IV.

Because the Court lacks subject matter jurisdiction to adjudicate her claims, Barrera's Motion for Judgment on the Pleadings is **DENIED**.

## V.

For the foregoing reasons, the Court **GRANTS** Barrera's Motion for Permission to File a Surreply [Paper No. 39], **DENIES** Barrera's Motion for Judgment on the Pleadings [Paper No. 36], and **GRANTS** the United States' Motion to Dismiss [Paper No. 31].

A separate order will issue.

/s/<br>
PETER J. MESSITTE<br>
UNITED STATES DISTRICT JUDGE

August 13, 2009

---

the only proper defendant is the head of the department, agency or unit.  42 U.S.C. § 2000e-16(c).